**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCUS REDRICK<br>               Defendant. | CRIMINAL ACTION NO. 99-437 |

**MEMORANDUM OPINION AND ORDER**

**Rufe, J.**                                                                                                                **November 19, 2020**

Marcus Redrick was sentenced in the year 2000 to a mandatory sentence of life imprisonment, plus a mandatory consecutive sentence of five years. Having served more than 21 years, he has filed this motion for a reduced sentence under section 404 of the First Step Act of 2018. Under the Act, the crimes for which Redrick was convicted now carry a reduced mandatory minimum sentence of 10 years plus a mandatory consecutive sentence of five years. Redrick asks the Court to reduce his sentence to time served. Having carefully reviewed the parties' submissions, the available record, and the government's response, which does not oppose the reduction and does not recommend a specific sentence,[1] the Court will grant Redrick's motion.

**I.    BACKGROUND**

In July 1999, Redrick was charged with conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, several counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 860, possession of a firearm in furtherance of a drug

---

[1] *See* Gov. Response to Motion for Sentence Reduction [Doc. No. 138].

trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Redrick was convicted of all charges.

At a sentencing hearing on September 29, 2000, the Honorable Ronald L. Buckwalter imposed the mandatory life sentence, followed by the mandatory consecutive sentence of 60 months on the firearm counts.[2] Because of the sentencing statute's mandatory minimum sentence of life for each of the drug counts—due to the quantity of crack Redrick possessed and his previous felony drug convictions—the sentencing court had no discretion to impose a lower sentence. The court also imposed a five-year period of supervised release. Redrick appealed his conviction and the Third Circuit affirmed without opinion.[3]

Prior to sentencing, the Probation Office determined that Redrick's offense involved a total of 72 grams of crack cocaine, which carried a base offense level of 32, under Section 2D1.1. Additionally, Redrick received multiple two-level enhancements resulting in an adjusted 2D1.1 offense level of 38.[4] Redrick was also determined to be a career offender under Section 4B1.1 because of four prior convictions for controlled substance offenses. But the Section 3D1.1 offense level exceeded the career offender offense level of 37 and was controlling. Redrick was therefore placed in criminal history category VI, with a guideline range of 360 months to life

---

[2] The case was reassigned to the Honorable Cynthia M. Rufe upon Judge Buckwalter's retirement.

[3] Redrick subsequently filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, alleging that trial counsel was ineffective in several respects. The court denied the motion on April 15, 2005. Doc. No. 124.

[4] Redrick received a two-level enhancement for the school zone counts, a two-level enhancement for obstruction of justice, and a two-level enhancement for his role in the offense. Presentence Report at 5-6.

imprisonment.[5] However, because of the mandatory minimum sentence on the drug counts, his guideline range increased to a mandatory life sentence.[6]

## II. STATUTORY SENTENCING STANDARD

### a. Statutory Sentencing Penalties at the Time Redrick was Sentenced

Prior to the Fair Sentencing Act, under 21 U.S.C. § 841(b)(1)(A), an offense involving 50 grams or more of crack required a statutory minimum term of imprisonment of 10 years, and maximum term of life imprisonment. The statutory minimum term under § 841(b)(1)(A) increased to 20 years if the defendant committed the violation after a prior conviction for a felony drug offenses and the statutory minimum increased to a mandatory life sentence if the defendant committed the violation after two or more prior felony drug convictions.[7] Therefore, if a defendant had two or more prior felony drug convictions, the sentencing court was statutorily mandated to impose a life sentence.

---

[5] *Id.* at 11. The government has noted that the appropriate guideline range under the First Step Act for Redrick's crimes remains 360 months to life, which accounts for the mandatory five-year consecutive sentence under § 924(c). Gov. Response to Motion for Sentence Reduction [Doc. No. 138] at 6. The Court recognizes this guideline range and the Court's ability to impose a sentence below this range based on the §3553(a) sentencing factors that are discussed *infra*.

[6] *Id.*

[7] The Court notes even if Redrick were subject to the penalties of § 841(a)(1)(A), if sentenced today, he would not face a mandatory minimum sentence of life. Under § 401 of the First Step Act, a prior conviction is a qualifying § 851 enhancement only if the defendant served at least a year in prison. Only Redrick's 1995 conviction meets this criterion. Further, even with two prior qualifying convictions, the mandatory statutory sentence today is 25 years, not life. Although Section 401 does not apply retroactively, see *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019).

### b. Statutory Sentencing Penalties After the First Step Act

Recognizing the gross disparity in sentences for powder cocaine versus crack cocaine, the Fair Sentencing Act of 2010 changed statutory penalties by increasing the quantity of crack cocaine that would trigger a mandatory minimum sentence.[8]

In 2018, Congress passed the First Step Act, which made certain provisions of the Fair Sentencing Act of 2010 retroactive.[9] Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . . impose a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."[10] Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[,] . . . that was committed before August 3, 2010."[11]

Under the Fair Sentencing Act, an offense involving less than 280 grams but more than 28 grams of crack now carries a statutory mandatory minimum penalty of five years and a maximum sentence of 40 years, which can be increased to 10 years and a maximum of life if the defendant has a prior conviction for a felony drug offense.[12] The imposition of a sentence reduction is discretionary; Section 404(c) states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."[13]

---

[8] *See* Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010).

[9] Pub. L. No. 115-391, § 404(b) 132 Stat. 5194, 5222 (2018).

[10] *Id.* (emphasis added).

[11] *Id.* § 404(a).

[12] 21 U.S.C. § 841(b)(1)(B).

[13] *Id.* § 404(c).

### III. DISCUSSION

#### A. Redrick's Eligibility under the First Step Act

There is no question that Redrick's offenses were committed before 2010. The Court must therefore determine whether the sentence would be different as a result of the Fair Sentencing Act to determine if Redrick is eligible for relief.[14]

Section two of the Fair Sentencing Act significantly increased the threshold quantity of crack cocaine from 50 grams to 280 grams for application of the mandatory life statutory sentencing provision. Redrick's offense involving 72 grams of crack cocaine was well below the 280-gram threshold. With this modification, Redrick's mandatory minimum sentence would be reduced from life to ten years imprisonment under § 841(b)(1)(A).[15]

Since Redrick meets the eligibility requirements under the First Step Act, the Court has the authority to resentence Redrick consistent with the new statutory ranges for imprisonment. In considering whether to exercise this discretion, the Court considers the Section 3553(a) sentencing factors[16] and relevant post-sentencing conduct.

---

[14] Relief under Section 404(b) is not automatic, and eligibility under the Act and whether a reduced sentence is warranted are separate questions. *See Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). On this point, the First Step Act is clear: Once eligibility is determined, the decision to grant or deny a reduction in within the district court's discretion.

[15] At level 37, criminal history category VI, if convicted of the same crime today Redrick's statutory sentencing range would be 360 months to life.

[16] The relevant § 3553(a) sentencing factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;

## B. Whether a Sentence Reduction is Appropriate

The sentencing factors weigh strongly in favor of a sentence reduction. All of Redrick's criminal convictions, although serious, stemmed from relatively low-level and street-level drug sales. Additionally, the Court's evaluation of Redrick's history and characteristics is not frozen in time. The Supreme Court has explained that any review of the § 3553(a) factors must consider the "most up-to-date picture" of the defendant's "history and characteristics," including evidence of rehabilitation.[17]

Redrick's rehabilitation in prison is significant. Redrick has completed dozens of Bureau of Prisons ("BOP") educational and development programs and has earned numerous certificates in areas including HVAC and plumbing, electrical, anger management, parenting, computer skills, and finance.[18] He also has been active in the BOP's Inmate Companion Program where he assists other inmates considering self-harm and suicide. Redrick is also very involved in the

---

> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . [and]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

*United States v. Rodriguez*, No. 03-271-1, 2020 WL 1627331, at *11-12 (E.D. Pa. Apr. 1, 2020) (quoting 18 U.S.C. § 3553(a)).

[17] *Pepper v. United States*, 562 U.S. 476, 491–92 (2011); *see also United States v. Parker*, No. 98-749, 2020 WL 2572525, at *11 (C.D. Cal. May 21, 2020). Although Congress has provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), "rehabilitation may be considered with other factors." *Rodriguez*, 2020 WL 1627331, at *10 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)); *see also* Hopwood, *supra* note 9, at 103 ("Congress no doubt limited the ability of rehabilitation *alone* to constitute extraordinary circumstances, so that sentencing courts could not use it as a full and direct substitute for the abolished parole system. Congress, however, contemplated that rehabilitation could be considered with other extraordinary and compelling reasons sufficient to resentence people in individual cases. Indeed, the use of the modifier 'alone' signifies that rehabilitation could be used in tandem with other factors to justify a reduction.").

[18] Ex. D, C, Motion to Reduce Sentence [Doc No. 136].

BOP's Challenge Program.[19] After he completed the program on his own, Redrick acted as a facilitator during the Challenge Program's community meetings and a mentor to other inmates in the program.

The Court further notes the extraordinary self-awareness and responsibility shown by Redrick in a letter he wrote to the Court.[20] Redrick has taken responsibility for his actions and is ready to contribute to the community in a positive way. Redrick's rehabilitation and model behavior during his incarceration greatly favors a sentence reduction.

"As to the Section 3553(a)(2) factor[s][] the need for a sentence must be sufficient, but not greater than necessary, to serve the purpose of 'just punishment, deterrence, protection of the public, and rehabilitation.'"[21] Redrick is a non-violent criminal who was sentenced to the statutory mandatory minimum of life imprisonment. As illustrated by the changes brought by the Fair Sentencing Act, a life sentence significantly overstates the seriousness of Redrick's offenses and does not reasonably serve the goals of general or specific deterrence. If sentenced today, Redrick would have faced a statutory range of 10 years to life for his drug charges and a mandatory five year consecutive sentence for his firearm charges.[22] Allowing for a sentence that accounts for his specific circumstances, it is unlikely that an aggregate sentence of more than 21

---

[19] The Challenge Program is a nine-month intensive cognitive-behavioral, residential treatment program developed for inmates in penitentiary settings. It provides substance abuse and mental health treatment within a modified therapeutic environment, which includes utilization of interactive groups and community meetings. The program also addresses criminality via cognitive-behavioral challenges to criminal thinking errors.

[20] Ex. B, Motion to Reduce Sentence [Doc No. 139].

[21] *United States v. Regas*, 91-57, 2020 WL 2926457, at *5 (D. Nev. June 3, 2020) (quoting *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017)); *see also Parker*, 2020 WL 2572525, at *12.

[22] Although the range decreased to five to 40 years, Redrick's previous drug convictions would increase his range under the First Step Act to 10 years to life. There would also be a consecutive sentence with a mandatory minimum of five years.

years—which Redrick already has served—would be appropriate. Therefore, after considering the Section 3553(a)(2) factors the Court concludes that prolonging Redrick's incarceration under the current conditions would contravene § 3553(a)'s requirement to "impose a sentence sufficient, but not greater than necessary to comply with" the statutory purposes of punishment.[23]

"Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing."[24] Although § 3553(a)(6) allows sentencing differences, it "disallows '*unwarranted* sentence disparities. . . .'"[25] Redrick's current sentence greatly conflicts with the current comparable statutory penalty range for a conviction of possession of 72 grams of crack. The First Step Act's purpose was to remedy this disparity by allowing the Court to apply section 2 and 3 of the Fair Sentencing Act retroactively and promote uniformity among all defendants not limited to one moment in time. The § 3553(a) sentencing factors weigh heavily in favor of a sentence reduction.

Lastly, the Court may consider post-offense conduct. As discussed above, the evidence of rehabilitation is extensive and compelling. During 21 years in prison, Redrick has been cited for only nine infractions of prison rules, none of which are major or reflect violent behavior.[26] The Court concludes that Redrick's post-offense conduct also weighs heavily in favor of a sentence reduction.

---

[23] *Rodriguez*, 2020 WL 1627331, at *12 (quoting 18 U.S.C. § 3553(a)).

[24] *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006) (citations omitted).

[25] *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) (emphasis added by Seventh Circuit).

[26] Gov. Response to Motion for Sentence Reduction [Doc. No. 138] at n. 4 (affirming the Defendant's description of Redrick's disciplinary infractions as minor and non-violent).

**IV.   CONCLUSION**

Redrick has shown that his case fits squarely within the purposes of the First Step Act and for the reasons set forth above, the Court will reduce his sentence to time served. An order will be entered.